JOHN HENRY *vs.* JAMES HENRY and WILLIAM HENRY.

Upon a bill filed by a judgment creditor, against the judgment debtor and another person, praying that a previous judgment confessed by the judgment debtor to his co-defendant may be set aside as fraudulent, and that the plaintiff in that judgment may account for the moneys he has fraudulently received under it, the judgment debtor is not a competent witness for the plaintiff against his co-defendant, under the code of 1848.

On a bill to set aside a judgment, on the ground of fraud, the evidence to prove the fraud, though it may be circumstantial and presumptive, must be strong and cogent;—such as to satisfy a man of sound judgment of the truth of the allegation.

IN EQUITY. This was a creditor's bill, upon a judgment recovered by the plaintiff against the defendant James Henry, upon which an execution had been issued and returned unsatisfied. William Henry was made a defendant as the holder of a judgment against James Henry which was alledged to be fraudulent, and to have been confessed by James Henry for the purpose of defrauding his creditors. The bill prayed that the

fraudulent judgment might be set aside, and that William Henry should account for the moneys he had received from the judgment debtor, under it. The opinion of the court states the material facts. The cause was heard on pleadings and proofs.

*J. P. Whittemore,* for the plaintiff.

*T. Jenkins* and *J. B. Eldridge,* for the defendants.

*By the Court,* GRIDLEY, J.   This is a creditor's bill, filed before the adoption of the code, and is founded on a judgment against James Henry, recovered on the 4th of August, 1846, for $478,88, and on an execution returned unsatisfied. The bill also sets up that a judgment for $1718 was recovered by William Henry against James Henry on the 18th day of April, 1842, by confession, when James was not indebted to William, with the intent to defraud the creditors of James generally, and John in particular ; whose debt against James accrued before the date of that judgment. The bill further states, that a large real estate of James was sold on a mortgage, and that on a reference, under the 136th rule of the court of chancery, a large surplus, remaining after the satisfaction of the mortgage, passed into the hands of William, under his fraudulent judgment. There is a further allegation in the bill that property of James, amounting to between two and three hundred dollars, was, after the confession of the said fraudulent judgment, placed in the hands of William with the like fraudulent intent. The bill prays that the fraudulent judgment be set aside, and that William account for the moneys he has fraudulently received under it: at least, this is the kind of relief which, under the general prayer, is most favorable to the plaintiff. The answer denies all fraud ; sets up a consideration for the judgment confessed, and states several other grounds of defence. The pleadings are exceedingly voluminous and inartificially drawn ; and a great amount of irrelevant and immaterial testimony has been taken which has become unnecessary to consider, under the view we feel constrained to take of the cause. We are satisfied

that the charge of fraud against William Henry is not made out, in such a manner as to warrant a decree against him.

I. The principal witness to prove the alledged fraud is James Henry, who was himself *particeps criminis.* He was offered as a witness to prove the case stated in the bill, and objected to as interested, but admitted and sworn without a release, on the supposition that he was rendered competent by the code. He was sworn while the code of 1848 was the law of the land. Before the passage of that act, however, an order had been obtained for his examination under the 63d rule of the standing rules of the court. But I will not stop to inquire whether the chapter of the code relating to the examination of parties supersedes that rule in its application to the case of a co-defendant examined at the instance of the plaintiff; for by the very terms of that rule he could not be examined in relation to matters in which he was interested. By the 344th section of the code of 1848 it is provided, that " a party to an action may be examined as a witness at the instance of the adverse party, or of any one of several adverse parties." And it is provided in a subsequent section, that "a party may be examined on behalf of his co-plaintiff or a co-defendant." All this however is subject to a condition in the 351st and 352d sections, that " *a party to the action*" cannot be sworn as a witness if he be interested. In this respect "a party to the action" stands on a different ground from an ordinary witness. Let us now inquire whether James Henry was interested in the matters to which he testified. He owes the judgment recovered by the plaintiff against him, and which forms the ground of relief which is sought against Wm. Henry. The object of this suit, which the testimony of James Henry directly tends to accomplish, is to pay this judgment by moneys drawn from the pocket of William, on the ground that William received this money fraudulently. He will thus pay and extinguish John's judgment against himself; and he has a direct interest to do that. But, William's judgment is paid by the money received under the order made as to the disposition of the surplus; and though William should be decreed to reimburse the money thus fraudulently received, on

the ground that his judgment was in fraud of creditors, I do not think that this decree will lay the foundation of a claim by William against James, so as to balance his interest. It will neither revive the judgment against him, nor revive the claim on which the judgment was confessed; and which would be outlawed, if the judgment be not revived. Again; he is also interested, by being relieved from the costs, which, if John succeeds in this suit, he would be entitled to recover against him, as a voluntary party to a fraudulent judgment. In the case of *The Fulton Bank* v. *The New-York and Sharon Canal Co.*, (4 *Paige*, 127,) it is held that a complainant cannot take a decree against a party whom he has called and sworn as a witness, but must pay costs to such party.. James is directly interested to get rid of costs, which he by his own showing ought to pay, and to provide for the payment of his own costs. This makes him incompetent to be sworn in the cause.

II. Striking out the testimony of James and Henry, there is not evidence enough to found a decree upon. The witness Rufus Henry does not mention a judgment at all; but states that as " he thought in the fall of 1842 William informed the witness that he had about $650 in his hands." And even this testimony does not come from Rufus himself. It is a statement made by Mr. Green, a referee, of the testimony of Rufus Henry before him, in a former suit. And the competency of the evidence if it had been objected to, is more than doubtful, notwithstanding Rufus Henry is since dead. But, at the best it is a mere declaration of William Henry, with no circumstances related to give it character, and not a word said of a judgment, or of fraud, in the conversation. The only other witness to prove the alledged fraud is Joseph Gardner, who testifies that in 1840 as he thinks, he heard William say that he had settled with James, and his understanding of the reply was, that there was but a small balance due. This witness shows gross ignorance in his cross-examination, and his testimony is too loose, uncertain and contradictory to be regarded of any weight in a doubtful case. There is much other testimony in the case, on the one side and the other, concerning the various dealings of the

parties during a period of several years. It is however unnecessary to discuss it. It falls far short of showing the fraud alledged in the bill. Much of it tends to show the contrary. The general principle is that fraud partakes of the nature of a crime, and cannot be presumed, but must be conclusively proved. ( *Ward* v. *Center,* 3 *John.* 281.) And though this rule, as applied to a court of equity, is stated, in a subsequent case, in less positive terms, yet the evidence to prove fraud, though it may be circumstantial and presumptive, must be strong and cogent, such as to satisfy a man of sound judgment of the truth of the allegation.

III. A suit was heretofore brought in the Madison common pleas, by James Henry against William Henry, to recover moneys alledged to be due, without any allegation of fraud, which was ultimately compromised by the payment of a considerable sum, which was designed for the use of John Henry, but went into the hands of another creditor of James, who had obtained from James an assignment of the demand prior to that of John. This was attempted to be set up as an estoppel; and had the pleadings been properly drawn, I am inclined to think that John would have been estopped from insisting on this claim, though he failed to reap the fruits of the former litigation. But at all events, if William had in his hands a portion of funds belonging to James, to which the creditors of James were entitled, then so far as these funds were diminished by the payment of any of the creditors of James, such payment would diminish the extent of his liability. And this payment more than balanced the two or three hundred dollars that were claimed to have been placed in William's hands after the confession of the judgment.

The true answer, however, to the entire bill is the want of proof to sustain the charge of fraud. For this reason the bill is dismissed with costs; but we think it not improper to say that the pleadings and testimony are swelled by a vast amount of irrelevant matter which should be stricken out on taxation.

Bill dismissed, with costs.