## STILES & CO. *vs.* LIGHTFOOT ET AL.

1. A voluntary conveyance, as against existing creditors, is absolutely void; but to avoid it as against subsequent creditors, it must be shown to have been made with a fraudulent intent.

2. And where a subsequent creditor takes a mortgage to secure his debt, but does not incur any new responsibility for it, nor waive any right or lien, nor part with anything to obtain it, he is not entitled to relief in chancery against a previous voluntary conveyance of the same property, without averring and proving that such conveyance was made with a fraudulent intent.

3. The evidence in this case held insufficient to establish a fraudulent intent in the execution of the voluntary conveyance, on the ground that fraud cannot be imputed to any one when the facts and circumstances out of which it is supposed to arise may well consist with honesty and purity of intention.

4. A correct decree, though rendered for a wrong reason, will be affirmed on error.

APPEAL from the Chancery Court at Wetumpka.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by the appellants, to foreclose a mort-

gage on certain town lots in the city of Wetumpka, executed to them by one William B. Maxwell on the 29th November, 1845, to secure the payment of a promissory note which he owed them for $476 38, dated October 25, 1845 ; and also to set aside a deed of trust dated January 28, 1845, by which the said Maxwell conveyed the same lots to one Allen Lightfoot, as trustee for his wife. The appellants claimed to be creditors and *bona fide* purchasers for valuable consideration, and alleged that the said deed was fraudulent and void as to them. The defendants set up the deed in their answers, and denied all fraud in its execution, either in law or in fact.

The chancellor dismissed the bill, but without prejudice ; holding, that the complainants were not *bona fide* purchasers, and that they could only claim as creditors at large who had not exhausted their legal remedies ; and his decree is now assigned for error.

N. S. GRAHAM, for the appellants, contended, that the deed was fraudulent and void, both as to subsequent purchasers and creditors ; and cited the following authorities : Thomson v. Dougherty, 12 Serg. & R. 448 ; Anderson v. Roberts, 18 Johns. 526 ; Townshend v. Williams, 2 Vez. 11 ; Peigne v. Snowden, 1 Dess. 591 ; Fonb. Eq. 217 to 224, and notes ; Henry v. Fullerton, 13 Sm. & Mar. 631 ; Cordery v. Zealy, 2 Bail. 205 ; Smith v. Henry, *ib.* 118 ; 2 Kent's Com. 441, note ; Beach v. Catlin, 4 Day's R. 284 ; Merrill v. Meachum, 5 *ib.* 341 ; Roberts on Conveyances, p. 521, note; *ib.* 596 ; McGuire v. Miller, 21 Ala. 394 ; Stokes v. Jones, *ib.* 738 ; same case, in 18 *ib.* 737.

WHITE & PARSONS, *contra*, cited Walker v. Miller, 11 Ala. 1081 ; Dickerson v. Tillinghast, 4 Paige 215 ; 2 *ib.* 300 ; 3 How. U. S. R. 333 ; 1 Dev. Eq. 103 ; *ib.* 163 ; 1 Story's Eq. 416 ; Corprew v. Arthur, 13 Ala. 525 ; 5 Peters 264.

RICE, J.—In this State, the law is settled, that a voluntary conveyance, as against existing creditors, is absolutely void ; but that to avoid it as against subsequent creditors, it must be shown to have been made with a fraudulent intent. Thomas v. Degraffenreid, 17 Ala. 602.

The appellants are subsequent creditors. Their debt was

created on the 25th day of October, 1845, and is evidenced by a promissory note executed on that day. On the 29th November, 1845, they obtained from their debtor a mortgage to secure the payment of their said debt. They did not take the mortgage in satisfaction of any debt, nor incur any new responsibility for it, nor waive any right or lien, nor pay or part with anything to obtain it; but they took the mortgage as a mere security for the precedent debt. Their claim is opposed by a voluntary conveyance of the same real estate embraced by the mortgage, executed by their debtor on the 28th January, 1845, to Allen N. Lightfoot, as trustee, for the wife of said debtor. The voluntary conveyance is an absolute conveyance, and is for the separate use of the wife; and under the frame of appellants' bill, and their admission made at the hearing, the said voluntary conveyance must be regarded as having been duly recorded in the proper office on the 25th February, 1845.

Upon such a state of facts, it is clear that the appellants are not entitled to relief in chancery, without averring and proving that the prior voluntary conveyance was executed with a fraudulent intent.—Donaldson v. The Bank of Cape Fear, 1 Dev. Eq. R. 103; Dickerson v. Tillinghast, 4 Paige's Ch. R. 215; Nolen v. Gwynn, 16 Ala. 728; Coddington v. Bay, 20 John. R. 637.

The bill alleges that the voluntary conveyance was executed with such fraudulent intent; and if that allegation had been proved, the appellants would have been entitled to a decree. Corprew v. Arthur, 15 Ala. 525. But in our opinion, the evidence fails to show any such fraudulent intent. The law does not allow us to impute fraud to any party, when the facts and circumstances out of which it is supposed to arise may well consist with honesty and purity of intention.—Smith v. Br. Bank at Mobile, 21 Ala. 125; Henderson v. Mabry, 13 ib. 713; Ravisies v. Alston, 5 ib. 297.

The ground upon which the chancellor dismissed the bill, is not defensible. The cause was submitted for final decree on the pleadings and proof, and the bill was dismissed without prejudice to the right of complainants to file another. This decree, being right, although rendered for a wrong reason, must be affirmed.—Evans v. Gordon, 8 Porter's R. 142.