JOSIAH H. REED *et al.*

*v.*

ASPASIA C. NOXON.

48    323
120   413
22a   127
25a   619
48    323
135   100
48    323
154   574
48    323
166   212
48    323
69a   237
48    323
78a   569
48    323
92a  ² 40

1. FRAUDULENT CONVEYANCES. When the object of a grantor, in making a conveyance, was to hinder or delay his creditors, such instrument is not purged of the fraud, because he may also have had some other purpose in view at the time of making it.

2. FRAUD—*how proved.* Although fraud cannot be presumed without proof, yet it need only be proven like any other material fact, and whenever it exists, it must generally be proven by showing such facts and circumstances as will justify the inference of a fraudulent intent or motive.

3. EVIDENCE—*declarations of a mortgagee—not admissible in a suit against the mortgagor alone.* The declarations of a mortgagee, made either before or after the execution of the instrument, and who did not act as the agent of the mortgagor in making the mortgage, are not admissible in evidence, in an attachment against the mortgagor *alone* by a creditor, charging such conveyance to have been made for the purpose of hindering and delaying creditors.

4. SAME. But in a suit in chancery against both, to subject the mortgaged property to payment of the creditors of the mortgagor, the statement of such mortgagee would be admissible against himself.

324 REED *et al. v.* NOXON. [Sept. T.,

Opinion of the Court.

APPEAL from the Circuit Court of Marshall county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

The opinion contains a sufficient statement of the facts in this case.

Mr. GEORGE L. PADDOCK, for the appellants.

Messrs. BANGS & SHAW, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an attachment, brought by Reed against Mrs. Noxon, under the act of February 13, 1865, amending chapter nine of the Revised Statutes, entitled " Attachments in Circuit Courts," Laws of 1865, page 104. The affidavit charged the defendant with having fraudulently conveyed her property with intent to hinder and delay her creditors. The defendant denied the affidavit by plea, and on the issue thus formed a trial was had, which resulted in a verdict and judgment for the defendant.

On the trial, the court so modified the fourth instruction asked by the plaintiff, as to make it necessary for the jury to find that the mortgage, alleged to be fraudulent, was made for the sole purpose of hindering or delaying creditors. This was error. If the object, in making the mortgage, was to hinder or delay creditors, the instrument was not purged, because the grantor may also have had some other purpose in view *Merry* v. *Bostwick*, 13 Ill. 210.

The second instruction for the defendant is also objectionable. The jury are there told that fraud is not to be inferred, but must be proved like any other material fact. The jury might suppose, from this, that fraud must be proven by direct evidence of a witness speaking from personal knowledge of the fraudulent intent. Fraud could rarely be proven in this

mode. It must generally be proven, where it exists, by show-
ing such facts and circumstances as to justify the jury in
inferring a fraudulent intent or motive. The question for
them to consider is, whether the facts proven justify the infer-
ence. They cannot presume fraud without proof, but they
may infer it, if all the facts proven satisfy them that it existed.

The other errors are not well assigned. It was discretionary
with the court to permit the defendant to plead, and the evi-
dence excluded on the trial was not admissible. It consisted
in the statements of persons not parties to the record, and
though one of them was the clerk of the defendant, or her
general agent, he was not her agent in making the mortgage,
and his statements, before or after the mortgage was made,
are not admissible in this suit, in which she is the sole defen-
dant. True, he is the mortgagee, and in a proceeding in
chancery against both him and the present defendant, for the
purpose of subjecting the mortgaged property to payment of
the creditors, his statements would be receivable against him-
self; but such is not the present case.

*Judgment reversed.*