## GEORGE CARTER

### *v.*

## NATHAN S. GUNNELS *et al.*

1. FRAUD—*sufficiency of proof of.* What circumstances will amount to proof of fraud can never be matter of general definition. The legal test is the sufficiency of the evidence to satisfy the understanding and conscience of the jury. Fraud need only be proved like any other material fact.

2. On the trial of an issue upon a bill in chancery to set aside a conveyance, as in fraud of creditors, the court instructed the jury that the law never indulges in any inferences or presumptions of fraud, but that it must be proved directly or by such facts and circumstances as would make the conclusion reasonable and irresistible in the mind of a fair minded and reasonable person, that a fraud had been committed by a collusion of parties: *Held,* that there was no warrant in the law for saying that the testimony, in order to the proof of any particular fact, should possess such a degree of force as to be irresistible.

3. EVIDENCE—*sufficiency.* Evidence, even of sufficient force to produce in the mind nothing more than a mere preponderance of assent in favor of the fact in dispute, can not be pronounced insufficient.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was a creditor's bill, filed by George Carter, the appellant, against Nathan S. Gunnels, and the heirs at law of Christopher Ashbaugh, deceased, to subject certain real estate to the payment of a judgment recovered by the complainant against Gunnels. The question of fraud, in a conveyance of Gunnels to said Christopher Ashbaugh, was submitted to a jury, who found for the defendants. The court refused a new trial and entered a decree dismissing the bill, and complainant appealed.

Messrs. MORRISON & WHITLOCK, for the appellant.

Mr. I. J. KETCHAM, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the trial of the issue in this case, which was one of fraud, a portion of one instruction given for the appellees, was as follows:

"The court further instructs the jury for the defendants, the surviving children of Ashbaugh and other defendants, that the law never indulges in any inferences or presumptions of fraud, but fraud must be proved directly, or by such facts and circumstances as would make the conclusion reasonable and irresistible in the mind of a fair minded and reasonable person, that a fraud had been committed by a collusion of parties."

There is no warrant in the law for saying that testimony, in order to the proof of any particular fact, should possess such a degree of force as to be irresistible.

The jury, in this case, might have deemed themselves able to resist the conclusion of fraud, and so have considered that the evidence did not come up to that measure of strength

which the instruction might have led them to suppose it was required to have. Whereas, had it been of sufficient force to produce in the mind nothing more than a mere preponderance of assent in favor of the fact in dispute, it could not have been pronounced insufficient. Fraud need only be proven like any other material fact. *Reed* v. *Noxon,* 48 Ill. 323.

What circumstances will amount to proof can never be matter of general definition; the legal test is, the sufficiency of the evidence to satisfy the understanding and conscience of the jury. 1 Stark. Ev. 514.

For error in giving this instruction, the decree is reversed and the cause remanded.

*Judgment reversed.*