## NICELY v. ROGERS ET AL.

**Appeal:** CERTIFICATE OF JUDGE. The Supreme Court does not acquire jurisdiction of a cause whose amount in controversy is less than $100, by the certificate of the trial judge made more than two months after the judgment was rendered, and after the adjournment of the term.

| 39 | 441 |
| 86 | 572 |
| 39 | 441 |
| 97 | 736 |

*Appeal from Monroe District Court.*

FRIDAY, SEPTEMBER 25.

PLAINTIFF claims $40.00, the value of a cow, which, he alleges, died by reason of Texas fever, communicated by cattle imported into plaintiff's neighborhood by defendant, and wrongfully permitted to run at large. There was a jury trial, and a verdict and judgment for defendant. Plaintiff appeals.

*J. C. Coad, Yocum, Anderson & Robb* and *Harris & Vermillion,* for the appellant.

*Tannehill & Fee* and *Perry & Townsend,* for the appellee.

DAY, J.—The amount in controversy in this case is $40.00. Section 3173 of the Code provides, that no appeal shall be taken in any cause in which the amount in controversy between the parties, as shown by the pleadings, does not exceed one

hundred dollars, unless the trial judge shall certify that such cause involves the determination of a question of law, upon which it is desirable to have the opinion of the Supreme Court.

The motion for new trial was overruled, and judgment was rendered upon the verdict in this case, on the 6th day of December, 1873. The certificate of the judge above prescribed was filed on the 12th day of February, 1874, more than two months after the judgment was rendered, and after the adjournment of the term at which it was rendered. We have held that this certificate of the judge must be made when the judgment is rendered. That it is not competent for the defeated party, after the adjournment of a term at which judgment is rendered, to make an *ex parte* application to the judge for the certificate, and that a certificate thus obtained does not confer upon this court jurisdiction to determine the cause. The appeal must be

DISMISSED.