# Cromelin *v.* McCauley *et al.*

### *Bill in Equity to set aside Chancery Decree, for Fraud.*

1. *Equitable relief against fraudulent judgment or decree.*—A court of equity has undoubted jurisdiction to grant relief against fraud in judicial proceedings ; but the fraud must have been practiced in procuring the rendition of the judgment or decree, or in a subsequent alteration thereof, and it must be clearly established by positive proof.

2. *Same.*—If the judgment or decree assailed was rendered without the service of process, and without the knowledge of the defendant, the rule now seems to be established, that a court of equity will not set it aside unless it is made to appear that the "result will be other or different from that already reached."

3. *Proof of fraud.*—Courts will not strive to force conclusions of fraud ; and if the facts and circumstances in evidence are fairly susceptible of an honest intent, that construction will be placed upon them.

4. *Fraudulent foreclosure of mortgage.*—A decree foreclosing a mortgage will not be set aside, at the instance of a creditor of the mortgagor, because of a

[Cromelin v. McCauley et al.]

fraudulent intent on the part of the mortgagor (who was the defendant in the decree), unless the mortgagee and complainant had knowledge of such fraudulent intent, participated in it collusively, or had knowledge of facts sufficient to charge him with notice.

5. *Validity of mortgage, assailed for fraud.*—A mortgage will not be held fraudulent at the instance of creditors, merely because it was given to secure an antecedent debt, and the mortgagee knew that the mortgagor was financially embarrassed.

APPEAL from the Chancery Court of Lee.

Heard before Hon. N. S. GRAHAM.

The bill in this case was filed on the 2d May, 1872, by George Cromelin, a citizen of Philadelphia, as a judgment creditor of Henry McCauley, against the said McCauley, and against the administrators of the estate of Thomas Brassill, deceased, and against the persons composing the firm of Viti Brothers, a mercantile partnership doing business in Philadelphia. Its object was to set aside, on the ground of fraud, a decree rendered by the Chancery Court of said county, on the 19th November, 1868, foreclosing a mortgage, under a bill filed by said Brassill against McCauley ; also, to set aside a sale made under said decree, and a conveyance to said Brassill's administrator and Viti Brothers jointly as the purchasers, and to enjoin an action of ejectment which they had brought against McCauley to recover the land. The complainant's judgment against McCauley was rendered by the United States District Court at Montgomery, on the 30th May, 1867 ; and an execution having been issued on this judgment, and levied on the lands conveyed by the mortgage, they were regularly sold by the marshal on the 4th November, 1867, the complainant becoming the purchaser at the sale and receiving a conveyance from the marshal. The complainant afterwards brought an action of ejectment against McCauley, in the said District Court, and recovered a judgment for the land ; but McCauley was suffered to remain in possession, under a written agreement to pay rent, and was still in possession when the bill in this case was filed.

The mortgage executed by McCauley to Brassill, which was dated the 13th May, 1867, and duly recorded on the 29th May, 1867, recited as its consideration an indebtedness by McCauley to Brassill, as evidenced by two promissory notes, one for $1,250, dated the 12th January, 1866, and the other for $600, dated the 16th April, 1867 ; and that said Brassill "has this day become security for the said Henry McCauley, for a further sum of $3,200 ;" and it conveyed the lands here in controversy, with other property, as security for said debts, but without power of sale. On the 20th May, 1868, a bill in equity was filed by said Brassill, or in his name, for the fore-

closure of this mortgage. McCauley was made a defendant to the bill, and filed an answer under oath, admitting all its allegations. Cromelin, the complainant in this case, was also made a defendant, under an allegation that he claimed some interest in the mortgaged property ; and affidavit of his non-residence having been made, an order of publication was entered against him on the 1st June, 1868, on which a decree *pro confesso* was taken on the 9th November, 1868, as follows: "It being made to appear to the register in chancery, that publication was made, in the terms of law, against George Cromelin, one of the defendants to the above cause, and that more than thirty days have elapsed since the perfection thereof ; and it further appearing that the said George Cromelin has failed to plead, answer, or demur, as thereby required; it is therefore ordered, adjudged, and decreed, that the bill of complaint in said cause be, and the same is hereby, taken as confessed as to the said George Cromelin." At the same term (November, 1868), the death of Brassill was suggested, and the suit was revived in the name of John R. Hubbard, as his administrator ; and the cause being submitted for final decree on pleadings and proof, the Chancellor rendered a decree foreclosing the mortgage, ascertaining (without a reference) the amount due to be $5,253, and ordering a sale of the mortgaged property by the register, unless this sum, with interest, was paid within thirty days. The register sold the property under this decree, on the 1st Monday in February, 1869, and reported that Felix McArdle was the purchaser at the sale, at the price of $5,004 ; that the complainant had acknowledged the receipt of the sum bid, and that the costs had been paid. The register's report was confirmed, without objection or exception.

Brassill was a citizen of Georgia, and McArdle was the administrator of his estate by appointment in that State, the administration of Hubbard in this State being ancillary. The register's deed to McArdle, as the purchaser at the sale, conveyed the land to him as the administrator of said Brassill's estate, and to Viti Brothers, jointly ; and it seems to have been an admitted fact, that their respective interests in the land was in proportion to the amount of the debts which they held, or claimed to hold, against McCauley. The bill in this case alleged these facts, and purported to make a copy of the deed on exhibit, marked "Exhibit F."; but the exhibit is not set out in the transcript, nor is it included with the other exhibits in the note of submission. The answers, however, admitted the allegations of the bill, as to the contents of the deed.

The debt of McCauley to Viti Brothers was contracted in

1860, or prior to that time, and amounted to over $6,000. The debt for $3,200, for which, as recited in the mortgage, Brassill had become bound as surety for McCauley, consisted of two notes, each for $1,600, which McCauley had executed, payable to said Viti Brothers, and which he intended to use in settlement and compromise of his said debt to them; but the bill alleged that no compromise had been effected, and the execution of the notes was not known to Viti Brothers, when the mortgage was executed; that after the execution of the mortgage, and before the rendition of the decree of foreclosure, McCauley went to Philadelphia, and succeeded in effecting a compromise with them on the terms proposed; and the mortgage was foreclosed, as above stated, for the joint benefit of Viti Brothers and Brassill's estate, in proportion to the amount of their respective debts. The bill alleged that these several transactions were fraudulent in law and in fact, and were intended to defeat the rights of the complainant as a creditor of said McCauley; that Viti Brothers had no knowledge of the execution of the notes by McCauley, with Brassill as surety, until informed by McCauley during his subsequent visit to Philadelphia, and that they accepted the notes and mortgage with full knowledge of the complainant's rights. Viti Brothers, in their answer to the bill, admitted their knowledge of McCauley's insolvency when they compromised their debt with him, but denied all knowledge of the complainant's debt; and they alleged that they had agreed to compromise their debt, at fifty cents on the dollar, and considered the compromise accepted and settled, before McCauley's visit to Philadelphia, though they had not received his notes, and did not know who was surety on them. In their depositions they stated the same facts in substance, and appended as exhibits several letters showing their correspondence with McCauley relative to the compromise.

On final hearing, on pleadings and proof, the Chancellor dismissed the bill, but without stating any reasons for his decision; and his decree is now assigned as error.

BRAGG & THORINGTON, for the appellant.—Fraud in a court of equity, includes all acts or omissions which involve a breach of any legal or equitable duty, trust, or confidence, justly reposed, by which another is injured, or an undue advantage is taken of him. It is not limited to those acts which will avoid a deed at law, or on which a jury will be instructed to find against the validity of a conveyance. A court of equity looks to the substance, rather than to matters of form; and will not allow any machinery or contrivance, though it

[Cromelin v. McCauley et al.]

may attain the dignity of a judgment or decree, to consummate and perfect a fraud on the rights of third persons. And in the investigation of questions of fraud, a court of equity is not confined by the strict rules which govern courts of law, but acts upon principles and presumptions peculiar to itself. These general principles, applicable to all cases of fraud, are stated as elementary principles, and are recognized by decisions of this court.—Story's Equity, vol. 1, §§ 187–90 ; Kerr on Fraud and Mistake, 44–46 ; *Kennedy v. Kennedy*, 2 Ala. 592–6 ; *Snodgrass v. Br. Bank*, 25 Ala. 174 ; *Martin v. Smith*, 4 Bank. Reg. 83 ; *Reese v. Kirk*, 29 Ala. 410. An application of these principles to the facts of this case, as established by the pleadings and evidence, clearly shows error in the Chancellor's decree. The complainant's debts was not only admitted, but was conclusively established by judgment at law. Viti Brothers, old creditors, had refused to compromise their claim, except for cash ; and they had no knowledge or notice of the notes and mortgage for their benefit until McCauley's visit to Philadelphia, after the execution of the notes and mortgage. They admit their knowledge of his insolvency, and it is immaterial whether they had knowledge of the particular debt due to the complainant, which had been reduced to judgment before their acceptance of the compromise effected by the notes and mortgage ; and it is a fair inference from the facts in evidence, that their acceptance of the notes and mortgage, in compromise of their claim, was induced by notice of the complainant's judgment, when communicated by McCauley during his personal visit. McCauley, the debtor, was the chief actor in all the transactions and proceedings here assailed, and he had full knowledge of all the facts. He conceived and perfected the plot for the execution of the notes and mortgage, in fraud of the complainant's legal rights ; and admitted under oath the facts alleged in the bill for foreclosure by Brassill, although he knew that Brassill was not entitled to a foreclosure, the security debt not having been paid, and one of the notes not being due at that time.— *Whitaker v. De Graffenreid*, 6 Ala. 303 ; *Singleton v. Gayle*, 8 Port. 274. The decree should be set aside, independent of the question of actual fraud, because Cromelin had no notice of the suit, and the decree is constructively fraudulent as against him.—1 Story's Equity, § 438 ; Story's Eq. Pl. § 427 ; *Secor v. Brooks*, 8 Ala. 500 ; *Crafts v. Dexter*, 8 Ala. 767. The bill alleges want of notice, and is sworn to ; and the decree *pro confesso*, without any other evidence, does not overcome the burden of proof.—Rule 29, Rev. Code, 827 ; 31 Ala. 192 ; 11 Ala. 668 ; 23 Ala. 797 ; 16 Ala. 233 ; 17 Ala. 738 ; 5 Ala. 173. Even if the decree *pro confesso* had been regularly entered,

[Cromelin v. McCauley et al.]

Cromelin would not be concluded, because he did not discover the fraud until after the termination of the foreclosure suit. Kerr on Fraud and Mistake, 293–4, 352 ; Story's Eq. Pl. § 426, note ; 3 Sandf. Ch. 135 ; 2 P. Wms. 73 ; 1 Vesey, sr. 383 ; Willard's Equity, 160 ; 1 Madd. Chan. Pr. 236–7.

W. H. BARNES, *contra.*—The bill cannot be supported as a bill of review, because such a bill was barred by the statute of limitations.—Code, § 3843. It can only be supported as an original bill to impeach a decree on the ground of fraud ; and to sustain such a bill, the rule requires proof of actual, positive fraud in the rendition or procurement of the decree. Kerr on Fraud and Mistake, 353 ; *Patch v. Ward,* L. R. 3 Ch. App. 203. Nor will a decree be set aside on the ground of fraud, unless it appears that a different result will be attained on another hearing of the cause.—Freeman on Judgments, 420, § 498 ; 20 Iowa, 229 ; *Gregory v. Ford,* 14 Cal. 138 ; *Fowler v. Lee,* 10 Gill & J. 363 ; *Piggott v. Addicks,* 3 G. Greene, 427 ; *Crawford v. White,* 17 Iowa, 560. The record shows that the complainant had knowledge of the material facts on which he now relies, before the expiration of the period within which he might have filed a bill of review, or might have sued out an appeal ; and he cannot now attack the decree on those grounds. As to the other matters on which the complainant relies, he fails to show any ground on which he could have resisted the rendition of the original decree. Fraud on the part of McCauley, the debtor, in which Viti Brothers did not participate, and of which they are not even proved to have been cognizant, cannot affect their rights. See *Crawford v. Kirksey,* 55 Ala. 282, and numerous decisions of this court. Fraud will never be presumed, when the facts may consist with honesty and good intentions.—*Steele v. Kinkle & Lehn,* 3 Ala. 352 ; *Smith v. Br. Bank,* 21 Ala. 125 ; *Insurance Co. v. Pettway,* 24 Ala. 544.

SOMERVILLE, J.—This bill is filed for the purpose of vacating and setting aside a final decree of the Chancery Court of Lee county, and a sale of land made under it, on the alleged ground of fraud. That a court of equity possesses jurisdiction to relieve against fraud in judicial proceedings, is everywhere a universally recognized principle. The judgment or decree against which relief is invoked, however, must have been procured by fraud, either in its original rendition, or by a subsequent fraudulent alteration ; and this fraud must, in a sense, be shown to be actual and positive. When this is clearly established by satisfactory proof, it is honorable to our system of equity jurisprudence, that such infection of

[Cromelin v. McCauley et al.]

fraud is made to vitiate every transaction, and the solemn judgments of courts are no exception to the salutary rule. Freeman on Judgments, §§ 489–490 ; *Munn v. Worrell*, 16 Barb. 221 ; *Ogden v. Larrabee*, 57 Ill. 389 ; Kerr on Fraud & Mistake, pp. 352–3 ; *Gelatian v. Erwin*, 1 Hopk. 48 ; *Barnesly v. Powell*, 1 Ves. 120, 285.

If the judgment or decree assailed has been rendered, even without the service of process, and without the knowledge of the defendant, the better established rule now seems to be, that a court of equity will not interfere to set it aside, unless it is made to appear that the " result will be other or different from that already reached."—Freeman on Judg. § 498 ; *Taggart v. Wood*, 20 Iowa, 236.

Courts will not strive either to force conclusions of fraud ; and if the circumstances and facts in evidence are fairly susceptible of an honest intent, that construction will be placed upon them.—*Life Ins. Co. v. Pettway*, 24 Ala. 544.

Nor is it sufficient, that the mortgagor, or the defendant in the decree of foreclosure, entertained a fraudulent intent, if the mortgagee and complainant did not have knowledge of, or participate in it collusively, or have knowledge of facts sufficient to charge him with notice of such illegal intent. *Florence Sewing Machine Co. v. Zeigler*, 58 Ala. 221.

The evidence in this case shows, that neither Brassill nor the Viti Brothers knew of the existence of the appellant Cromelin's claim against McCauley, at the time of their transaction with the latter. The facts that McCauley was financially embarrassed, and that this was known to them, and that the security taken by them was for an antecedent debt, would have been no legal ground of defense, even if presented as such in the original suit.—*Crawford v. Kirksey*, 55 Ala. 282. There are badges of fraud, and circumstances of suspicion, disclosed in the evidence ; but these are not sufficient to satisfy us that the decree of the Chancellor was not proper and free from error. It is therefore affirmed.

STONE, J., *not sitting.*