# Adams *v.* Thornton & Wellborn.

*Action on Attachment Bond.*

1. *Proof of fraud; charge as to.*—A charge which instructs the jury, in a civil case, "that to justify the imputation of fraud, the facts must be such that they are not explicable on any other reasonable hypothesis," exacts too great a measure of proof, and is erroneous. (*Steele v. Kinkle*, 3 Ala. 352, and *Tompkins v. Nichols*, 53 Ala. 197, disapproved and overruled.)

2. *Charge on part of evidence.*—A charge on the probative effect of a part of the evidence, ignoring material qualifying testimony, is erroneous, and good cause for a reversal.

3. *Argumentative charge.*—An argumentative charge is improper, and should not be given.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Thornton & Wellborn, suing as partners, against James R. Adams, and was founded on an attachment bond, the condition of which was, "that the said Adams shall prosecute his said attachment to effect, and pay the said Thornton & Wellborn all such costs and damages as they may sustain by reason of the wrongful or vexatious suing out of said attachment." The attachment was sued out on the ground that the defendants, who were merchants doing business in the city of Montgomery, were about to dispose of their property fraudulently. The complaint alleged that the attachment was sued out wrongfully and vexatiously, and claimed special damages for the injury to the plaintiffs' reputation and standing as merchants, and for costs and attorney's fees in defending the suit. The record does not show what pleas were filed. There was a judgment, on verdict, for the plaintiffs, for $4,053.48, the full penalty of the bond. The defendant appeals, and assigns as error several charges given by the court below, which are copied in the opinion of this court.

H. C. SEMPLE, for the appellant.—The 5th charge given by the court, though supported by an expression found in the opinion in *Tompkins v. Nichols* (53 Ala. 200), and quoted from *Steele v. Kinkle* (3 Ala. 358), is erroneous, in that it requires the same degree of proof to establish fraud in a civil case, as to sustain a conviction in a criminal prosecution. The principle as stated is not supported by the two cases cited

[Adams v. Thornton & Wellborn.]

(*Smith v. Br. Bank*, 21 Ala. 135; *Pettway v. Life Ins. & Trust Co.*, 24 Ala. 544), and is inconsistent with the rule laid down, in varying language, in several other decisions of this court.—*Thames v. Rembert*, 63 Ala. 567; *Pickett v. Pipkin*, 64 Ala. 520; *Stiles & Co. v. Lightfoot*, 26 Ala. 443; *Cromme-lin v. McCauley*, 67 Ala. 542. See, also, Bump Fraud. Con-veyances, 602–5, 3d ed.; *Parkhurst v. McGraw*, 24 Miss. 137; *Doe v. Dignowitty*, 4 Sm. & Mar. 57, 74.

SAYRE & GRAVES, and WATTS & SON, *contra*, cited *Jack-son v. Durr*, 59 Ala. 206; *Tompkins v. Nichols*, 53 Ala. 197; *Life Ins. & Trust Co. v. Pettway*, 24 Ala. 544; *Thames v. Rembert*, 63 Ala. 567.

STONE, C. J.—The questions presented by this record arise on charges given and refused. We will consider only such as are pressed in argument before us.

The fifth charge given at the instance of the plaintiffs is in the following language: " Fraud is not by law, or in common charity, imputable, when the facts and circumstances out of which it is supposed to arise may consist with purity of inten-tion. To justify the imputation of fraud, the facts must be such that they are not explicable on any other reasonable hy-pothesis." The objection to the charge is, that in its second clause it exacts too high a measure of proof, when fraud is sought to be established. This charge was, in substance, copied from the language of this court in *Tompkins v. Nichols*, 53 Ala. 197, which was itself copied from *Steele v. Kinkle*, 3 Ala. 352, opinion by ORMOND, J. This strong statement of the principle was scarcely called for by the facts in either of those cases; but some authorities may be found which state the principle in substantially the same terms.—*Lyman v. Cressford*, 15 Iowa, 229; *Schofield v. Blind*, 33 Iowa, 175; *Dallam v. Renshaw*, 26 Mo. 533. So, in Bump on Fraudu-lent Conv. (3d ed.) 603, it is said, " Fraud will never be impu-ted, when the circumstances and facts upon which it is predi-cated may consist with honesty and purity of intention."

In support of the principle as stated in *Tompkins v. Nichols*, *supra*, three former rulings of this court are cited: *Steele v. Kinkle*, *supra*; *Smith v. Br. Bank*, 21 Ala. 125, and *Ala. Life Ins. Co. v. Pettway*, 24 Ala. 566. The last named two authorities do not support the principle for which they are cited. Bump, in his treatise on Fraudulent Conveyances, 602–5, says: " Fraud in the transfer of goods or land may be shown by the same amount of proof as will establish any other fact in its own nature as likely to exist. In any case, the number and cogency of circumstances from which guilt may

be inferred, are proportioned to the original improbability of the offense. The frequency of frauds upon creditors, the difficulty of detection, the powerful motives which tempt an insolvent man to commit it, and the plausible casuistry with which it is sometimes reconciled to the consciences even of persons whose previous lives have been without reproach, are considerations which prevent its classification among the grossly improbable violations of moral duty. . . How much evidence is required to raise a presumption of actual fraud, can not be determined according to any inflexible rule. . . . The proof, however, must be satisfactory. It must be so strong and cogent as to satisfy a man of sound judgment of the truth of the allegation. It need not possess such a degree of force as to be irresistible; but there must be evidence of tangible facts, from which a legitimate inference of a fraudulent intent may be drawn. . . As an allegation of fraud is against the presumption of honesty, it requires stronger proof than if no such presumption existed. As it is against a presumption of fact, perhaps often a slight one, it requires somewhat more evidence than would suffice to prove the acknowledgment of an obligation, or the delivery of a chattel. It is not necessary, however, that the fraud shall be proved beyond a reasonable doubt. Issues of fact, in civil cases, are determined by a preponderance of testimony, and the rule applies as well to cases in which fraud is imputed as to any other." This is strong language, but it is supported by the highest authority.—*Kaine v. Weigley*, 22 Penn. St. 179; *Kendall v. Hughes*, 8 B. Monroe, 368; *Reed v. Noxon*, 48 Ill. 323; *Carter v. Gunnels*, 67 Ill. 270; *Colquitt v. Thomas*, 8 Ga. 258; *Rhodes v. Green*, 36 Ind. 7; *Kelly v. Lenihan*, 56 Ind. 448; *Jaeger v. Kelly*, 52 N. Y. 274; *Henry v. Henry*, 8 Barb. 588; *Lillie v. McMillan*, 52 Iowa, 464; *Lockland v. Beckley*, 10 W. Va. 87; *White v. Perry*, 14 W. Va. 66; *Parkhurst v. McGraw*, 24 Miss. 134; *Hempstead v. Johnston*, 18 Ark. 123.

We have cited two decisions of this court—*Steele v. Kinkle*, 3 Ala. 358, and *Tompkins v. Nichols*, 53 Ala. 197—which support the correctness of the charge we are considering. We have many rulings which express the principle differently. We are not allowed to infer fraud, "when the facts out of which it is supposed to arise may well consist with honesty and pure intention."—*Smith v. Br. Bank*, 21 Ala. 125; *Stiles v. Lightfooot*, 26 Ala. 443. "If the circumstances relied on to sustain that allegation [fraud] are fairly susceptible of an honest intent, that construction should be placed upon them." *Ala. Life Ins. v. Pettway*, 24 Ala. 544; *Crommelin v. McCauley*, 67 Ala. 542. "The law never presumes fraud, and it will not be imputed when the facts and circumstances from

[Adams v. Thornton & Wellborn.]

which it is supposed to arise may reasonably consist with pure intention."—*Thames v. Rembert*, 63 Ala. 561. "Fraud is not presumed, but, like every other fact, it may be proved by circumstances; and courts, while not indulging presumptions that it is imputable, can not refuse to draw from uncontroverted facts the inferences flowing from them logically and naturally."—*Pickett v. Pipkin*, 64 Ala. 520. These last two quotations are opinions by C. J. BRICKELL,—later utterances that that found in *Tompkins v. Nichols*, 53 Ala. And these are but copies in substance of what was said in *Nicely v. Rogers*, 39 Iowa, 441; *Rumbolds v. Parr*, 51 Mo. 592; *Page v. Dixon*, 59 Mo. 43; *Burleigh v. White*, 64 Me. 23; *Shultz v. Hoagland*, 85 N. Y. 464; *State of Mo. v. Estel*, 6 Missouri, App. 6.

Charge 5, properly interpreted, lays down the same measure, and requires the same fullness of proof, as is required to authorize a conviction of crime; for facts proven, which are not explicable on any other reasonable hypothesis than that of the guilt of the accused, will authorize a jury to convict of a criminal offense. This is not the correct rule in any civil case. Fraud requires no higher measure of proof for its establishment in any civil proceeding, than is required in many other cases, where the presumption of honesty, official uprightness, or kindred presumption, is to be overcome. The assailing party encounters the presumption of honesty and fair dealing; but it is a disputable presumption, the burden of overcoming which rests on him. When he produces facts and circumstances in evidence, which not only cast a suspicion on the transaction, but show a state of facts which are not fairly or reasonably reconcilable with fair dealing and honesty of purpose, then he has overcome the presumption of purity of intention, and is entitled to a judgment of condemnation. We approve the statement of the principle as found in *Smith v. Br. Bank*, 21 Ala. 125, *Stiles v. Lightfoot*, 26 Ala. 443, *Ala. Life Ins. Co. v. Pettway*, 24 Ala. 544, *Thames v. Rembert*, 63 Ala. 561, *Pickett v. Pipkin*, 64 Ala. 520, and *Crommelin v. McCauley*, 67 Ala. 542. We disapprove and overrule the principle as expressed in *Steele v. Kinkle*, 3 Ala. 352, and *Tompkins v. Nichols*, 53 Ala. 197. The Circuit Court erred in giving charge No. 5.

Charge No. 6 confines the inquiry, and the effect of it, to propositions or suggestions alleged to have been made by Wellborn, one of plaintiffs, in the office of the attorneys to whom he and Adams had gone for mutual counsel. It had been testified that, before visiting the office of the attorneys, Wellborn "asked Adams if he could not give him, Adams, notes for double the amount due him, so that in this way Adams

[Adams v. Thornton & Wellborn.]

could get his whole debt, as the goods, if sold under an assignment, would not bring more than half of their value." This took place at a time when an assignment by Thornton & Wellborn was under discussion. This conversation was calculated to shed very material light on the inquiries that were made of the attorneys, and the purpose for which they were made. The two conversations being so near in point of time, and relating to the same subject-matter, any instruction as to the probative force of the latter, without reference to the former, was improper, and should not have been given. The charge ignored the effect of material, qualifying testimony, which is ground of reversal.—1 Brick. Dig. 344, § 135 ; *Tesney v. The State*, 77 Ala. 33.

There is another objection to this charge. It partakes more of an argument, or of an answer to an argument, than it does of an assertion of a principle of law. Such mode of charging juries should not be encouraged.

Charges *A* and *B*, asked by defendant, were properly refused. The hypothesis of each of them contains an element, or sub-phrase, of which we find no proof. Thus, in charge *A* is this language: "Where a person not related might think it best for the interest of the creditors, to employ other persons." There was, and probably could be, no testimony of what a person not related might think would be best for the creditors. The charge is not so framed as properly to raise the question intended to be raised, and is, at most, more an argument than a question of law. So, in charge *B*, we find this language: "If the jury believe that Thornton & Wellborn intended, at and before the issuance of the attachment, to assign their whole property for the benefit of their creditors, and did so assign such property for that purpose, in pursuance of such intention, regardless of such attachment," &c. There is no evidence in this record that Thornton & Wellborn entertained any thought of making an assignment, regardless of the attachment. On the contrary, the testimony was, that they considered their condition and financial standing too sound to justify such course, unless they were attached, or their northern creditors interfered with their business.

For the errors pointed out above, the judgment of the Circuit Court is reversed, and the cause remanded.