# Rowe v. Baber.

### *Action on Note given for Rent.*

1.   *Agreement by landlord to repair fences; damages by stock.*—When the landlord agrees, as part of the contract of renting, to repair the fences around the land, so as to protect the crop against stock, and fails to do so, the tenant is entitled, when sued on the note given for the rent, to recoup the damages done to his crop by stock breaking in ; and the fact that some of the damage was done by his own stock does not affect his right to recoup, if he used reasonable efforts to keep them out.

2.   *Charges as to measure of proof.*—In a civil case, a charge which instructs the jury that, if the evidence as to a disputed fact "leaves it in a state of doubt and uncertainty," they must find against the party who asserts the fact, exacts too high a degree of proof, and is erroneous.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

This action was brought by S. P. Baber, as administrator *de bonis non* of the estate of H. Hatfield, deceased, against J. L. Rowe and others; and was founded on the defendants' promissory note under seal, for $80, which was payable to E. B. Hatfield, the former administrator, and was given for the rent of land during the year 1888 by said former administrator to said J. L. Rowe. The defendants pleaded the general issue, set-off, and a special plea of recoupment, claiming damages on account of injuries done to the crops on the rented land by stock breaking through the fences, in consequence of the administrator's failure to repair them, as he had promised to do when the contract of renting was made.

The defendants excepted to several charges given by the court at the instance of the plaintiff, and among them the following : "(6.) The law casts on the defendant the burden of proving to a reasonable certainty the damages done his crop, if any, by stock breaking into the rented premises; and if the testimony satisfies the minds of the jury to a reasonable certainty that defendant's crop was damaged by turning his own stock into the field, or permitting them to run in there, then the defendant must prove to a reasonable certainty the damages done by the stock which broke into his crop; and if all the evidence leaves the fact in a state of doubt and uncertainty as to the damage done by the stock which broke into

[Rowe v. Baber.]

defendant's crop, the defendant's plea of recoupment can not be regarded as established by the testimony, and their verdict must be for the plaintiff."

The several charges given are assigned as error.

MERRILL & BRIDGES, for appellants.—(1.) The court erred in giving charge No. 2.—*Culver v. Hill*, 68 Ala. 66; *L. & N. R. R. Co. v. Perry*, 87 Ala. 392; *East Tenn., Va. & Ga. R. R. Co. v. Bayliss*, 74 Ala. 150; 3 Brick. Dig , 671, § 9, and authorities there cited. (2.) The court erred in giving charge No. 6.—*Birmingham Fire Brick Works v. Allen*, 86 Ala. 185; *Wollner & Lowenstein v. Lehman, Durr & Co.*, 85 Ala. 274; *Wood v. Brewer & Brewer*, 57 Ala. 515; *Adams v. Thornton & Wellborn*, 78 Ala. 489; *L. & N. R. R. Co. v. Jones*, 83 Ala. 376; 3 Brick. Dig., 434, §§ 409–414; 3d Greenl. Ev., § 29.

ELLIS & BURTON, *contra*.—There was no error in giving either of the charges asked by the plaintiff.—*Lehman v. McGuire*, 65 Ala. 570; *McWilliams v. Phillips*, 71 Ala. 80; *Life Ins. Co. v. Neville*, 73 Ala. 517; *L. & N. R. R. Co. v. Jones*, 83 Ala. 377, 383.

COLEMAN, J.—Appellee, who was plaintiff in the trial court, sued defendant upon a rent obligation. Defendant's plea No. 3 presents the question raised by the two charges given at the request of plaintiff, to which exceptions were reserved, and which are matters to be considered under the assignments of error. The plea states that, "in consideration of the rent to be paid, plaintiff agreed to fence the land, so as to secure the crop from stock, and agreed, also, to repair the buildings, and that plaintiff failed and neglected to fence the lands, and by reason of the failure to fence the lands, stock or cattle broke through the fence and injured the crops, to the damage of defendants," &c. The obligation on the part of the landlord to repair the fence was in parol, and testimony was introduced which tended to prove the agreement as stated in the plea.—*Powell v. Thompson*, 80 Ala. 55; *Vandegrift v. Abbott*, 75 Ala. 490.

A great deal of conflicting evidence was introduced on the trial as to the condition of the fence, the damage done to the crop, and as to whether the cattle broke into the field, or were turned into the field with the consent of the defendant, or were permitted to run in on the crops with his knowledge, and without any diligence or exertion to prevent it. There were no objections, or exceptions, to the admission of evidence

offered by either party. The damage done to the crops was variously estimated by the witnesses. There was evidence offered by the defendant which tended to show the fence was in bad condition; that in many places the rails were rotten, and in some places not more than four rails high, and in other places the fence was made of brush. Plaintiff's testimony tended to show the contrary. The defendant, with other testimony, offered evidence "that the stock so breaking into his crops belonged to various people in the settlement, and that defendant J. L. Rowe's own cattle would break into the crops just as other people's stock did; that said stock breaking into said crops would jump over, or go through the fence in many places, to go in and out of said fields; that said Rowe, with his farm hands, would drive out the stock when they would get in; that he and his hands drove them out both day and night; and that he drove out his own stock, just as he did that of other people."

The court charged the jury, (2) "If the jury believe from the evidence that defendant's crop was damaged by his own stock, then for that damage he can not recover." If the evidence which tended to show that plaintiff turned his own stock into the fields, or voluntarily permitted them to run upon the crops, had not been controverted by other evidence, this charge would have asserted a correct principle; but there being evidence which controverted to some extent these statements, and which tended to show that defendant's stock broke through the fence on account of its bad condition, and the failure of plaintiff's intestate to fence the land according to his agreement, and the defendant endeavored to protect the crop from his stock, the charge imposed a duty upon the defendant which neither the law nor the rent contract required of him. The charge deprived the defendant of all benefit of this evidence, although the jury may have believed it.

In this State, every person has the right to permit his own cattle to run at large.—*Pruitt v. Ellington*, 59 Ala. 457; *Nashville & Chatta. R. R. Co. v. Peacock*, 25 Ala. 229. The contract, as stated in the plea, devolved upon plaintiff's intestate "to fence the land so as to secure the crops from stock," and this provision applied as well to the defendant's stock as to the stock of other people. The defendant was under no obligation to pen his own stock, or to keep them guarded. The court erred in giving charge No. 2, quoted above. It, in effect, relieves complainant from his obligation "to fence the land," although the jury believe such agreement was made; and holds the defendant responsible for damage done by his

own stock, without any regard to that part of the evidence which tended to exculpate him from responsibility for damage caused by his own stock. The law did not hold defendant for the damage done by his own stock absolutely, and under all circumstances, responsible.—*Strauss v. Meertief*, 64 Ala. 307.

Charge No. 6, after first stating what may be regarded as a correct proposition of law, when referred to the evidence, continues as follows : "and if all the evidence leaves the fact in a state of doubt and uncertainty, as to the damage done by the stock which broke into defendant's crop, the defendant's plea of recoupment can not be regarded as established by the testimony." The objection urged against the correctness of this charge is, that it exacts too high degree of proof of the defendant, in holding that if all his evidence leaves the fact in a "state of doubt and uncertainty" as to the damage, the plea of recoupment is not sustained. No doubt this charge was predicated upon statements used in several decisions rendered by this court, the true meaning and proper application of which, we think, were misapprehended by the trial court.

In the case of *Brandon v. Cabiness*, 10 Ala. ——, the burden was upon the defendant to prove affirmatively a fact set up in the answer as a defense, and which greatly depended upon proof of the handwriting of Harris. In commenting on the proof, the court stated : "In our opinion, there is but little, if any, difference between the testimony of these witnesses for and against the writing as to the act of Harris, and the effect is to leave the mind in a state of doubt as to its genuineness. The result is, that it is left in a state of doubt and uncertainty, and this was matter which the defendant assumed the burden of proving." The "doubt and uncertainty" here referred to was that which arose from the fact, that "there is but little difference, if any, between the testimony of the witnesses for and against" the fact, the burden of proving which was assumed by defendant. The measure of proof was not sufficient to reasonably satisfy the mind of the court of the truth of the averment, and falling short of this, it was held insufficient. The opinion did not assert that, in a civil case, a fact must be so proven as to remove it beyond "a state of doubt and uncertainty."

In the case of *Lehman Bros. v. McQueen*, 65 Ala. 572, the same principle is asserted as follows : "When the law casts the burden of proof upon a party, if he does not offer evidence of the fact, the non-existence of the fact must be assumed ; or, if the evidence in reference to the fact is equally balanced, or if it does not generate a rational belief of the existence of the fact, leaving the mind in a state of doubt and uncertainty,

the party offering it must fail for want of proof;" citing, among other authorities, 10 Ala. *supra*. "A state of doubt and uncertainty," here referred to, evidently is, when the proof fails to produce a "rational belief of the existence of the fact;" and this is the true standard in civil trials.—*Mc Williams v. Phillips*, 71 Ala. 82. The case of the *Life Association v. Neville*, 72 Ala. 521, is relied upon by appellee. The court, SOMERVILLE, J., uses the following language: "While we fully recognize the principle, whenever the evidence in a cause leaves a disputed fact in doubt and uncertainty, the issue must be found against the party upon whom the burden of proof rests." The opinion does not stop here. It proceeds and states that courts and juries should weigh evidence and not count witnesses, and declares that a decree or verdict should never be found on a mere preponderance which fails to produce a proper conviction or satisfaction in their minds; quoting, as authority, *Vanderventer & Co. v. Ford & Moseley*, 60 Ala. 615. In the case referred to (60 Ala.), it is declared that the true measure, or weight of proof, to justify a verdict based upon it, is, that it shall reasonably convince or satisfy the minds of the jury that the fact exists.

Commenting on the case in 72 Ala. 521, *supra*, this court held that the concluding sentence showed that there was no intention to overturn or weaken the established rule.—83 Ala. 383.

In the case of *Wollner & Lowenstein v. Lehman*, 85 Ala. 277, the trial court had charged the jury, "If the evidence in the case leaves in a state of doubt or uncertainty any fact which it is necessary for the claimants to establish, the jury must find for the plaintiff." In commenting on this charge, this court said: "The charge should not have been given. The claimants were not required to prove any one of the essentials of their claim beyond doubt. We have frequently had occasion to condemn similar charges," citing 78 Ala. 489; 84 Ala. 259.

Webster defines "doubt" to mean "uncertainty, uncertainty of mind;" and defines "uncertain" to be that which is "doubtful, not sure, dubious." After a careful examination of all the authorities, we hold that a charge which declares that, if the evidence leaves a fact "in a state of doubt and uncertainty," then the jury must consider it as not proven, exacts too high a measure of proof; and we repeat the true rule to be, that when the proof establishes "a rational belief of the existence of the fact," or if the jury shall be reasonably convinced that the fact exists," that is sufficient.—*Thompson v. L. & N. R. R.*, 91 Ala. 496; 60 Ala., *supra ;* 65 Ala. *supra ;*

[Hurd v. Lacy.]

71 Ala. *supra.* In the case of *Hopper v. Ashley*, 15 Ala. 467, the question was considered and passed upon.

Reversed and remanded.