# Floyd Smith v. Jacob S. Edelstein.

1. PLEADING—*In Actions of Trespass De Bonis Asportatis—Pleas Amounting to the General Issue.*—A plea, in an action of trespass *de bonis asportatis*, which alleges that the plaintiff did not own and was not in possession of the property, etc., is to be regarded as amounting only to the general issue; for under the general issue it is incumbent upon the plaintiff to prove that he was in possession of the property at the time the trespass was committed.

2. FRAUD—*Measure of Proof.*—An instruction stating that fraud must be proved by clear and convincing evidence is not a correct statement of the law. In civil cases a party alleging fraud is only required to prove it by a preponderance of the evidence.

3. INSTRUCTIONS—*When a Party is Estopped to Complain.*—Where a party asks and has given on his part an instruction upon a particular subject, he is not in a position to complain of an instruction upon the same subject given for his adversary.

Trespass, *de bonis asportatis*. Appeal from the Circuit Court of Boone County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed October 8, 1900.

WILLIAM L. PIERCE and R. K. WELSH, attorneys for appellant.

ROBERT W. WRIGHT, attorney for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action of trespass *de bonis asportatis*, brought by appellee against appellant, to recover damages for seizing and carrying away by appellant, certain goods of appellee, and converting and disposing of the same to his own use. The declaration was in the usual form in such cases. The defendant filed a plea of the general issue, and also a special plea, alleging that at the time of the supposed trespass the goods and chattels mentioned in the declaration were not the property of the plaintiff and that the plaintiff at such time had no right, title, claim or demand in and to or against the same or any part thereof, and had no pos-

Smith v. Edelstein.

session or right of possession thereof; and that at the said time when, etc., the said goods and chattels and every part thereof were the goods and chattels of one L. H. Friedman and not of the said Jacob S. Edelstein. The plaintiff replied to this plea averring property in himself and denying that the property was in L. H. Friedman. Upon the issues thus formed the case was submitted to a jury for trial and a verdict returned in favor of plaintiff for $345, upon which the court rendered judgment after overruling a motion for new trial. The defendant prosecutes this appeal.

Although such a course would seem to have been wholly unwarranted by the pleadings, yet the parties by their evidence and instructions appear to have tried the case upon the theory that the question of fraud was involved in the transactions, whereby the title to the goods passed out of Friedman into appellee, and as though appellant seized the goods as sheriff, under an execution against Friedman. All that was put in issue by the pleadings was, whether the trespass was committed, and whether at the time appellee was the owner or in possession of the goods. If plaintiff was neither the owner nor in possession of the property when appellant seized it he could not maintain the action. It would be none of his business what the defendant did to the property of another. Hence the plea presented a complete defense to the declaration without the allegation that Friedman was the owner of the property, which we regard as mere surplusage. On the other hand, there was no claim in the pleadings that appellant was sheriff, nor did he by any plea, attempt to justify the seizure of the property under any execution against Friedman or any one else. The only material part of his plea was that the plaintiff did not own and was not in possession of the property. This we regard as amounting only to the general issue, for under that issue before the plaintiff can recover, as we have already seen, it is incumbent upon him to prove that he was the owner or in possession of the property at the time the trespass was committed. We do not regard the question of fraud as having been properly raised by the pleadings, and it is difficult to per-

ceive on what ground the sheriff could question the transactions between Friedman and appellee without a proper plea setting up his execution and justifying thereunder.

Both parties seem to have treated the question of fraud as being involved and the principal issue in the case, and this being so, the instructions on that subject should have been accurately and correctly given. The fourth instruction given for the plaintiff is as follows:

"You are instructed that fraud will not be presumed; that it must be proved like any other fact and it must be proved by clear and convincing evidence, and the burden of proof is upon the party alleging the fraud."

This is not a correct statement of the law. In civil cases the party alleging fraud is only required to prove it by a preponderance of the evidence. Reed v. Noxon, 48 Ill. 323; Carter v. Gunnels et al., 67 Ill. 270.

Expressions are sometimes found in the opinions of courts (as in Schroeder v. Walsh, 120 Ill. 403, cited by counsel for appellee), to the effect that fraud must be proven by clear and satisfactory evidence, but these remarks are merely made in argument, and it has never been held proper so to instruct the jury. We think the fourth instruction was erroneous.

The fifth instruction given for the plaintiff, told the jury that unless they believed from the evidence the defendant was sheriff of Boone county at the time he levied and took the goods, they must find for the plaintiff for at least nominal damages, whether he was the real owner of the goods or not; this was incorrect under the pleadings in this case, but as both parties gave instructions bearing on that subject, appellant is not in a position now to take advantage of the error.

As the cause must be tried again, we forbear expressing any opinion upon the merits of the case or commenting on the facts, but for the errors indicated the judgment will be reversed and the cause remanded, with leave to the parties to further plead if they desire so to do.

Reversed and remanded.