79  539
22a 127

## SAMUEL FLEISCHMAN

*v.*

## JONAS MOORE.

SPECIFIC PERFORMANCE. A court of equity will only decree a specific performance of a contract where the right to the relief sought is established by a clear preponderance of the evidence.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. TULEY, STILES & LEWIS, for the appellant.

Messrs. FORRESTER, BEEM & GIBBS, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This bill was to establish in complainant a right to a half interest in certain inventions for which defendant then had, or was about to obtain, patents. A preliminary injunction was awarded to restrain defendant from transferring to any person the half interest claimed in the inventions and patents. All the allegations of the bill, except those that relate to a refusal to assign, were denied by defendant in his answer, upon which issue was joined, and, upon the final hearing, the court dismissed the bill.

The theory on which complainant bases his right to relief, is, that defendant had invented an "improved bricklayer's vest and overalls," and, being destitute of means to render his invention available, he proposed, if complainant would advance him money to procure patents on his inventions, he would assign him a half interest therein. In pursuance of that agreement, complainant alleges he advanced to defendant, to assist in procuring the patents, money, at one time $50, and at other times small sums, making the total amount about $54.

The proof shows the amount of money which it is claimed was advanced would not cover the expenses incurred in procuring the patents. A considerable sum in addition was used, which must have been derived from some other source, if defendant did not have it of his own. Both in his answer and in his testimony, defendant denies that any such contract as complainant alleges was ever made between them. He insists the money claimed to have been advanced to him under the alleged contract, was but mere personal loans, and that he never agreed to assign to complainant any interest whatever in his inventions, and the patents securing the same.

Upon examination, we do not find that any such contract as complainant alleges in his bill is proven to have existed between the parties by that clear preponderance of evidence which the law undoubtedly requires before a court of equity will decree a specific performance. Indeed, the evidence in the case leaves the mind in great doubt as to what was really the contract between the parties. There is as much reason for saying the contract had relation to the manufacturing of goods under the patents, as that it had relation to an interest in the inventions themselves, and the patents securing them. The contract insisted upon is too indefinite, and the proof too unsatisfactory, to support a decree for specific performance, and the court very properly dismissed the bill.

The decree will be affirmed.

*Decree affirmed.*