ORIENT INSURANCE COMPANY, OF HARTFORD,

ALBERT M. WEAVER.

*Fire Insurance—Action on Policy—Fraud—Preponderance of Evidence, Sufficient to Establish—Instructions—Practice.*

1. In civil actions a preponderance of the evidence is all that is required to establish fraud.

2. In an action on a policy of fire insurance, it is *held:* That the evidence strongly tends to establish fraud; that the instructions were too favorable to the plaintiff; that the court should have passed upon the question whether certain interrogatories were proper; and that certain statements made to the jury by plaintiff's counsel were improper.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Peoria County; the Hon. JOHN J. GLENN, Judge, presiding.

Statement by LACEY, J.   This was a suit on an insurance policy issued by appellant to appellee on a stock of merchandise consisting principally of furniture, and such other articles as are usually kept for sale in furniture stocks, all contained in a brick building occupied for store, and known as 217 South Adams St., Peoria, Illinois, in the sum of one thousand dollars —$15,000 concurring insurance permitted.

The building and all the furniture was destroyed by fire about 2 o'clock, A. M., of January 31, 1884.   The policy was dated September 15, 1883, and was for one year.   The policy had in it the usual clauses of insurance policies, and the defendant pleaded the general issue and two special pleas, the 9th and 10th.

9th.   Appellee made verbal false statements as to the value of the goods, representing them 'to be worth $16,000, when they were only worth $6,000.   That when examined under oath touching the said loss he falsely misrepresented the amount of goods destroyed, their location and the cause and origin of the fire.   That in said sworn statements he represented himself as the owner of the goods destroyed, when, in fact, he was not, nor never had been, the sole unconditional owner of the same.   In the proofs of loss he misrepresented their value, the ownership, the cause and origin of the fire; also that he used all reasonable efforts to protect them from loss and damage, when, in fact, he made no effort in that direction whatever.   That said false statements were made with fraudulent intent.

10th.   Plea of fraud in procuring the policy.

6th.   Plea that in making application for increase to induce the issuing of the policy falsely represented that the property was appellee's and appellant relied thereon, etc.

7th.   That the property was destroyed through the connivance and procurement of appellee for the purpose of defrauding appellant.

8th.   About same as the 6th plea.

Trial, verdict and judgment in favor of appellee for $1,092.56.

Messrs. D. J. SCHUYLER and STEVENS, LEE & HORTON, for appellant.

The jury may not wilfully and capriciously disregard the evidence of the unimpeached witnesses of the adverse party, and in cases where this is done, the judgment should be reversed; and this is so where there is a conflict of evidence, necessarily involving the question of a preponderance of the evidence. Robertson v. Dodge, 28 Ill. 161; Carney v. Tulley, 74 Ill. 375; St. Paul F. & M. Ins. Co. v. Johnson, 77 Ill. 598; C. B. & Q. R. R. Co. v. Stumps, 69 Ill. 409; R. R. I. & S. L. R. R. Co. v. Coultas, 67 Ill. 398.

The preponderance of the evidence must control, and all that is required is that the minds of the jury must be convinced, not that they must be "*fully satisfied*," or "*convinced beyond a reasonable doubt.*" Bryant v. Simonean, 51 Ill. 324; Bullock v. Narrott, 49 Ill. 62; Boies v. Henney, 32 Ill. 130.

The instructions directed the attention of the jury to specific and particular facts in the case, which, in itself, in a closely contested case, is fatally erroneous. Hatch v. Marsh, 71 Ill. 370; Homes v. Hale, 71 Ill. 552; Hewett v. Johnson, 72 Ill. 513; Frame v. Badger, 79 Ill. 441; Evans v. George, 80 Ill. 51; American Ins. Co. v. Crawford, 89 Ill. 62.

The language used was equivalent to telling the jury that they must be *convinced beyond a reasonable doubt*, and that they must be *so convinced before* they could find for the defendant on ,this issue. It was tantamount to a *direction* to find for the plaintiff.

Messrs. CRATTY BROS. and FULLER & GALLUP, for appellee.

It requires evidence to overcome the presumptions in favor of honesty. And the more dishonest or criminal the intent, the stronger the presumptions are against it, and the more evidence is required to prove it. Hence, we find the courts of last resort of this State, in some instances, saying that in civil cases a slight inclination upon the one side is sufficient for a decision; in others that the proof must establish a fact beyond a reasonable doubt. Thus a bare preponderance is sometimes sufficient. Am. C. Ins. Co. v. Rothschild, 82 Ill. 166.

In others a clear preponderance is not required.    Crabtree v. Reed, 50 Ill. 206.

In others a clear preponderance is necessary.    Yoakum v. Yoakum, 77 Ill. 85;  Fleischman v. Moore, 79 Ill. 539.

While in others the proof must establish an allegation beyond a reasonable doubt.    Harbinson v. Shook, 41 Ill. 141, 147.

A party plaintiff or defendant is entitled to those presumptions wherever they arise ;  entitled to instructions to the jury so declaring.

When the defendant laid the crimes of arson, conspiracy and fraudulent conveyances at the door of the plaintiff, he was entitled to an instruction that before the jury should consider them established the proof should be so clear and convincing as to fully satisfy their minds beyond a reasonable doubt.

"Something more than suspicions are required to prove an allegation of fraud.    The evidence must be clear and cogent, and must leave the mind well satisfied that the allegation is true."    Shinn v. Shinn, 91 Ill. 477, 486.

Lacey, J.    There was evidence in this case tending strongly to show that the appellee was the mere nominal owner of the goods, when in fact the real owner was one Aaron Bamberger, his brother-in-law, who came from Chicago to Peoria in July, 1881, having first shipped the goods to appellee in May previous, and assumed the almost entire control and management of the store then being carried on in appellee's name, and continued in the store, managing and controlling it, till the goods were destroyed by fire ;  that when Bamberger commenced to ship these goods to Peoria he was in failing circumstances.

The evidence also tends strongly to show that Bamberger was the person who set fire to the store that consumed the goods.    Some of the circumstances going to show such fact were those testified to by night policeman Jacob Lanman, who swore to seeing Bamberger coming from the stairs leading from the street to the second story of the building where these goods were stored, except what were in the first story of the building, at about 1:45 o'clock A. M. on January 31, 1884. That in the third story was stored a large quantity of oils, varnish and other inflammable materials.    That the policeman

passed on to the station and that in about fifteen minutes, or about 2:05 A. M., the fire alarm was turned on. That the flames had made such headway that the fire could not be extinguished by the fire department when the engine arrived at the store.

The attempted proof of *alibi* showed that Bamberger was out that night playing cards with friends at Standard Hall till about 1:30 A. M., when he left and no one saw him afterward till the policeman at the building, except C. M. Saltzenstien, who left him just before the fire at Gabb's residence on Sanford street, some five and a half blocks from the fire. Some other evidence was given, in connection with all the circumstances, tending to show as we think, fairly, that appellee had no real interest in the goods and was allowing Bamberger to control them as he pleased.

Under this state of the evidence, the court gave for the appellee and against the objection of the appellant the 8th and 9th instructions for appellee. The 8th instruction is as follows:

" You are further instructed by the court as a matter of law, that fraud when alleged must be clearly proved. It should never be assumed upon mere suspicion, nor should juries find verdicts assuming that fraud exists on mere suspicion of fact. From the very nature of fraud it can rarely be proven, and parties on whom it devolves to establish fraud must do so, usually, by circumstantial evidence. Yet when circumstantial evidence is relied upon to establish such fraud, the circum-stances when combined together, must be so clear and convincing as to fully satisfy the minds of the jury of the fraudulent intent and the fraudulent purpose of the acts charged."

The 9th instruction, after calling the attention of the jury to the issues of fraud and conspiracy as charged in the pleas, ends as follows: " And while the law is, that such facts may be shown by facts and circumstantial evidence, yet all the facts and circumstances when combined together, must be so clear and convincing as to fully satisfy your mind of the truth of such fraudulent acts, or agreements, connivances and conspiracy, before you are authorized to find that they are established by the evidence in the case."

Thus the instructions virtually told the jury that the appellant must establish its case beyond a reasonable doubt. This is not the law in this State. A preponderance of the evidence is all that is required in civil actions except in cases where a penalty is sought to be recovered and then a clear preponderance is required. In some special cases in equity where real estate is involved, clear evidence must be produced, and that seems to be the nature of cases cited by appellee's counsel. Yoakum v. Yoakum, 77 Ill. 85; Fleischmann v. Moore, 79 Ill. 539, and Shinn v. Shinn, 91 Ill. 486, and there may be other exceptions. Fraud may be proved like any other fact. A preponderance of the evidence is sufficient. Carter v. Gannels, 67 Ill. 270; Reed v. Norton, 48 Ill. 323; Bryant v. Simonean, 51 Ill. 326, and cases cited; Graves v. Colwell, 90 Ill. 612. In the following authorities the question was fully considered and it was fully decided that a preponderance of the evidence in cases where fraud is in issue is only required. Bullard v. Creditors, 56 Cal. 600; Bump on Frauds, 2d Ed. 484, quoted in the above case; Blaeser v. The Milwaukee & M. M. Ins. Co., 37 Wis. 31; Kane v. H. I. Co., 39 N. J. L. 697; Roberge v. Burnham. 124 Mass. 277.

In the above California case, quoting from Bump on Frauds, it is said : " Issues of fact in civil cases are determined by a preponderance of the testimony, and the rule applies as well where fraud is imputed as any other. If the evidence produces a rational belief it can not be discarded, though some doubt remains. If the evidence is of sufficient force to produce a preponderance of assent in favor of fraud, it is sufficient." * * * " It is the rule in all civil cases that fraud may be established by a preponderance of the evidence."

In the Massachusetts case above cited, it was held that " in a civil case for selling liquor to a minor, it only requires the proof to be made by a preponderance."

In the case of Blaeser v. M. & M. M. Ins. Co., 37 Wis. 31, in a case similar to this, where the defense on an insurance policy was being made, and the charge was that the fire by which the insured property was destroyed originated through the wilful procurement of the plaintiff, it was held, " that the case might be established by a preponderance of the evidence."

It was said by the court in that case that "a few authorities hold that the rule applicable in criminal cases are the same in civil cases where a crime is imputed, but the reason and weight of authority is the other way."

In Kane v. H. I. Co., 39 N. J. L. 697, the question and discussion was the same as in the last case cited above, and the court says: "The contrary rule, where it prevails, is evoked in libel and slander where justification implies crime, but these are exceptions."

This was once the rule in this State where justification in libel and slander was pleaded, but the Legislature disapproving of it, abolished it by enactment.

We think it is well established that the rule announced in the instructions was not the law, and that the court erred in giving them. Besides, the court in the 8th instruction told the jury, that "by the very nature of fraud it could rarely be proven * * * and that it must usually be done by circumstantial evidence." This was calculated to seriously discount appellant's efforts to establish it, and besides, was not correct, as fraud is frequently established.

The 12th instruction should have been as broad as the conditions in the policy, and the jury should not have been required to pass on the question whether or not the interrogatories propounded to appellee were "impertinent, immaterial or unauthorized." That was a question of law the court should have passed upon and not the jury. The jury might pass on the appellee's motives, but not whether the question tended to throw light on the points in the policy on which appellant had a right under the policy to interrogate the appellee.

We have examined the statements made by appellee's counsel to the jury complained of, and find that to some extent they were statements of supposed facts outside the evidence, and also had a tendency to unjustly prejudice the jury, and to this extent the court should have suppressed them. Whether this error alone would be sufficient cause for reversal we express no opinion.

For the above errors the judgment is reversed and cause remanded.

*Judgment reversed and cause remanded.*