PHILIP H. BENDER v. KINGMAN & COMPANY.*

FILED JULY 10, 1901.  No. 9,810.

Commissioner's opinion, Department No. 2.

1. **Fraudulent Intent Always Question of Fact, But Not Always for Jury.** While by reason of section 20, chapter 32, Compiled Statutes, the intent of the vendor in an alleged fraudulent conveyance is always a question of fact, it does not follow that such question of fact must in every case be left to the jury.

2. **It is Proper to Direct Verdict, Where Evidence is Undisputed and Conclusions Are Foregone.** Where from uncontradicted evidence all reasonable men must conclude that the vendor's purpose in making a sale was to hinder creditors, and that the purchaser had notice of such intent prior to parting with the consideration, it is proper for the court to direct a verdict.

3. **Admissions of Vendor in Presence of Vendee Competent.** Admissions of the vendor in the presence of the vendee, before the latter parted with the consideration, as to the intent with which the sale was made, are competent, though coming after the vendee had taken possession, since they tend to show notice of the vendor's intent to the vendee.

ERROR from the district court for Thurston county. Tried below before EVANS, J.  *Affirmed.*

*George G. Bowman, R. G. Strong* and *M. C. Jay,* for plaintiff in error.

*James H. McIntosh, contra.*

POUND, C.

This is an action of replevin involving possession of a

---

*Rehearing allowed.

stock of agricultural implements taken by defendants under attachments against Weiser Bros. and claimed by plaintiff as their vendee. The facts with respect to the transfer from Weiser Bros. to Bender are sufficiently set forth in the opinion in *Kingman & Co. v. Weiser Bros.*, 48 Nebr., 834. The trial court directed a verdict for the defendants, and such action and the receiving of testimony as to certain admissions made by Weiser Bros. are assigned as error.

Under section 20, chapter 32, Compiled Statutes, it is undoubtedly true that the intent of the vendor in an alleged fraudulent conveyance is always a question of fact. That is, certain circumstances appearing, it does not follow, as a matter of law, that there was fraudulent intent, but an actual intention to hinder, delay or defraud must have had a substantive existence in the mind of the vendor; and if there was no such intent, the law will not make one from his acts. But this question of fact differs in nowise from any other so far as the relative functions of the court and of the jury are concerned. Where, upon any issue of fact, the uncontradicted evidence is such that all reasonable men must reach the same conclusion, there is no need of submitting the issue to a jury and a verdict may be directed. *Elliott v. Carter White Lead Co.*, 53 Nebr., 458. The evidence as to the intent of Weiser Bros. in making the sale was the same as that set forth in *Kingman & Co. v. Weiser Bros., supra,* and could leave no doubt in the mind of any one that they intended to hinder and delay their creditors and sold the property for that purpose. It was no less clear from the plaintiff's own testimony and that of his witnesses that he had ample notice thereof before he parted with the consideration. He took possession before the attachments were levied. But an inventory was necessary to determine the exact amount to be paid, and whether he was to give notes to Weiser Bros. or they to pay him depended on whether the stock should prove to exceed or should fall below the value of a certain interest in lands to be conveyed by the plaintiff in payment or part

payment as the case might be. A bill of sale and a conveyance of the real property were drawn and were deposited in a bank pending the inventory, to be delivered "to the parties entitled thereto" on its completion. Before it was completed, notice of the intent of Weiser Bros. and of their financial condition was brought home to the plaintiff in more than one way, as the evidence conclusively establishes. He could and should have stopped then and there and rescinded, when these facts came to his knowledge. Until he had finally parted with the consideration, he could not claim to be an innocent purchaser. *Hedrick v. Strauss*, 42 Nebr., 485.

With respect to the evidence of admissions on the part of Weiser Bros. as to their purpose in making the sale, the case is no less clear. While these statements were made after plaintiff had taken possession, they were made in his presence, pending the inventory, and before the papers were exchanged. They were evidently received not to show the intent of the vendors, but to show that the vendee had knowledge of it. Coming before he parted with the consideration, they were clearly admissible for that purpose, and, under repeated rulings of this court, were sufficient to establish such notice. *Karll v. Kuhn*, 38 Nebr., 539; *Temple v. Smith*, 13 Nebr., 514.

We recommend that the judgment be affirmed.

SEDGWICK and OLDHAM, CC., concur..

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.