ARTHUR B. WILCOX ET AL. V. COUNTY OF PERKINS.

FILED OCTOBER 21, 1903.    No. 12,565.

1. **Official Bond: DEFENSE.** The fact that an official bond of a county officer, as executed, is joint, instead of joint and several as required by statute, is not an objection thereto of which the obligors upon the instrument can avail themselves as a defense. The bond is good to the extent it complies with the statute in that regard.

2. **Fraudulent Intent: DIRECTING VERDICT.** While by the provisions of

section 20, chapter 32, Compiled Statutes, entitled "Frauds,"
fraudulent intent is declared to be a question of fact and not of
law, yet it does not follow that such question of fact must in every
case be left to a jury for its determination. If from the uncon-
tradicted evidence all reasonable men must reach but one con-
clusion, then it is proper for the court to direct a verdict.

3. **Officers:** SETTLEMENT. Where a full and complete settlement of a
county officer with the county commissioners, who are authorized
to make the same, has been made, such settlement is final and
conclusive, unless there is fraud, mistake or imposition in making
the same. *County of Douglas v. Bennett*, 61 Neb. 660.

ERROR to the district court for Perkins county: HANSON
M. GRIMES, JUDGE. *Affirmed.*

*Wilcox & Halligan,* for plaintiffs in error.

*Benjamin F. Hastings, John M. Stewart* and *Thomas C.
Munger, contra.*

HOLCOMB, J.

County of Perkins, defendant in error, in its corporate
capacity, prosecuted an action in the district court
against defendant Wilcox, formerly county clerk, and the
other defendants who were sureties on his official bond,
because of Wilcox's alleged failure to fully and properly
account for, and pay over to the county, certain fees
claimed to have been collected in the discharge of his offi-
cial duties, which fees were then due and owing to the
county. The action was an ordinary one on the official
bond of Wilcox for an alleged breach of its conditions re-
specting his duties to account for fees received while in
office. The answer of the defendants denied the allega-
tions of the petition, and pleaded affirmatively that, prior
to the institution of the action, the principal, Wilcox, had
made a full and complete settlement with the county board
of plaintiff county, touching and covering the matters men-
tioned in the petition; that the same was fair in all re-
spects, and that such settlement was conclusive on the
county and, for that reason, it was estopped from ques-
tioning the same. To the answer a reply was filed, in which

it is alleged that the settlement pleaded as a defense is of no effect and not binding on the county, for the reason that the defendant, Wilcox, had fraudulently omitted from his report certain fees that had been by him collected, and falsely and fraudulently represented that the report he presented to the county board was a correct report of all the fees received by him while in office, when, in truth and in fact, certain fees were omitted, which omission was falsely and fraudulently made to deceive the county commissioners; that they were deceived and, because thereof, the alleged settlement was of no binding effect. A trial was had to the court and a jury wherein, after the admission of evidence, on a peremptory instruction, a verdict was rendered for a specified sum in favor of the plaintiff. The defendants prosecute error.

The bond sued on was a joint obligation, instead of joint and several as required by statute, and for this reason it is contended, exceptions having been properly preserved by demurrer to the petition and an objection to the introduction of any evidence, that the petition fails to state a cause of action and therefore no recovery can be had. The objection is believed to be untenable. This court has held in *Clark v. Douglas,* 58 Neb. 571, that an irregularity in this respect, in the form of an official bond prescribed by the statute, is not an objection thereto, of which the obligors upon the instrument can avail themselves as a defense thereto, and that the bond is good to the extent it complies with the statute in that regard. The case cited is decisive of the question in the present controversy and the objection is therefore without merit.

The principal point, however, relied upon as ground of error, as stated by counsel for plaintiffs in error, is in respect of the peremptory instruction of the court to the jury to return a verdict for the county. It is argued that on the face of the pleadings a settlement is admitted, to vitiate which the reply alleged that it was obtained by the fraud of the plaintiff, and that fraud, under our statute, is a question of fact which, under all circumstances, should

be submitted to a jury for its determination. Counsel contend that under no theory of the evidence did the court have the right to take the case from the jury and instruct them to bring in a verdict for the plaintiff, for any amount. No bill of exceptions containing the evidence is preserved; consequently, we may assume that if, under any possible state of the evidence, the instruction was proper, then, we must so hold in the present case. While by section 20, chapter 32 of the Compiled Statutes (Annotated Statutes, 5969), entitled "Frauds," it is provided that the fraudulent intent, in all cases arising under the provisions of this chapter, shall be deemed a question of fact and not of law, it may very well be doubted whether this section has any application to alleged fraudulent acts, such as are pleaded in the reply in the case at bar. The statute of frauds is in relation to fraudulent conveyances and contracts relating to real estate and to goods, chattels and things in action. The fraud here charged is a false and deceptive statement of fees received, for the purpose of obtaining an unfair advantage and withholding from the county moneys collected as fees rightfully belonging to it. If the fact of the false statement were established, then, the fraudulent intent, in the absence of explanation on the ground of mistake or misunderstanding, it would seem, would inevitably arise. Conceding, however, that the fraud alleged in the case at bar is a question of fact to be determined by a jury within the meaning of said section 20, it does not follow that the trial court's action, in peremptorily instructing the jury to return a verdict for plaintiff, is necessarily erroneous. It has heretofore been, by this court, judicially determined that fraudulent intent, even though a question of fact, may be, by the evidence, so indisputably established as to warrant it being ruled upon as a question of law. *Bender v. Kingman & Co.*, 62 Neb. 469, S. C. on rehearing, 64 Neb. 766. On the first hearing, in the case cited, it is held that, while by reason of section 20, referred to, the intent of the vendor in the alleged fraudulent conveyances is always a question of fact, it does not follow that such ques-

tion of fact must, in every case, be left to the jury; that if from the uncontradicted evidence all reasonable men must reach but one conclusion, then, it is proper for the court to direct a verdict. To the same effect is the announcement of the rule on a rehearing and reinvestigation of the question. *Bender v. Kingman & Co.*, 64 Neb. 766. See also *Hedman v. Anderson*, 6 Neb. 392; *Davis v. Scott*, 22 Neb. 154. Not having the evidence before us we may assume that it was of such a character as to leave no substantial controversy regarding any question of fact, that there was nothing for the jury's determination, and that the court was therefore justified in giving the peremptory instruction complained of. Portions of the briefs of counsel are devoted to a discussion of the nature and effect of the settlement had between the county, through its commissioners, and Wilcox, as county clerk. It is said, on the one hand, that such adjustment and settlement was purely a ministerial act, and would in no wise prevent a recovery for any sum found to be due the county and not accounted for. On the other hand, it is contended that such settlement has become final and conclusive on the county unless impeached for fraud or mutual mistake. *Heald v. Polk County*, 46 Neb. 28, and *Hazelet v. Holt County*, 51 Neb. 716, give support to the contention that a settlement made by a county officer with the board of county commissioners, relative to the accounts of the former with the county, has only the effect of furnishing *prima facie* evidence of a discharge of liability, which may be overcome by other competent evidence showing a failure to account fully and properly for all fees received, and that an action may be maintained to recover such unaccounted for fees, and without impeaching such settlement for fraud or mutual mistake. The decisions cited in respect of the matter now under consideration probably go further than by the application of sound legal principles is warranted. Such settlement should be regarded as something more valuable and effective than a merely formal act, neither signifying nor accomplishing anything. It would seem to be more

nearly related to the transactions of parties competent to act and who sustain relations contractual in their character. When once a settlement is entered into, it should be, it seems, regarded as final unless, for sufficient reasons, it may be avoided on legal or equitable grounds. As suggested by MAXWELL, Ch. J., in *Ragoss v. Cuming County,* 36 Neb., 375, 383:

"There should be an end to litigation, and an officer who has faithfully performed the duties of his office and made a full settlement with the tribunal authorized to settle the same should be permitted to rest on such settlement, unless there is fraud, mistake, or imposition in making the same."

And in *Bush v. Johnson County,* 48 Neb. 1, 15, it is observed in the course of the opinion of the court:

"Any settlement is all right and entitled to stand in favor of an officer who has faithfully performed the duties of his office, when in the settlement there is neither fraud, nor mistake, nor imposition."

In *County of Douglas v. Bennett,* 61 Neb. 660, it is held:

"Where a full and complete settlement of a county officer with the county commissioners, who are authorized to make the same, has been made, such settlement is full and conclusive, unless there is fraud, mistake or imposition in making the same."

This case is controlling in the disposition of the question now being discussed and we adhere to the same. No error appearing in the record, the judgment of the district court is

AFFIRMED.